Gary Michael THOMPSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14338.

Court of Criminal Appeals of Oklahoma.

Feb. 21, 1968.

Farmer, Woolsey, Flippo & Bailey, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Penn Lerblance, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Gary Michael Thompson, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Tampering With a Vehicle. From a judgment and sentence fixing his punishment at a $75.00 fine and costs, a timely appeal has been perfected to this Court.

There are several assignments of error, but only one has sufficient merit to consider in this opinion and that is the defendant's contention that the trial court erred in admitting the testimony of Mr. Gee Tanner, an eye-witness at the scene of the offense, who subsequent to that date and prior to trial, identified the defendant in a police line-up, at which the defendant was not represented by counsel. It is the defendant's position that the courtroom identification of the defendant was based, either in whole or in part, upon the police line-up at which the defendant was not represented by counsel, in violation of his constitutional right guaranteed under the 6th amendment of the Constitution of the United States and made obligatory upon the states by virtue of the 14th amendment.

At the outset we observe that the testimony relating to the extrajudicial identification of the accused was not introduced by the State, but first injected into the case by counsel for the defense on cross-examination of witness Tanner. The defendant relies principally on Wade v. United States (1967) 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, wherein the Supreme Court, in a divided opinion, held in substance that a police lineup or parade is a critical stage of a criminal proceeding and that a suspect appearing in said lineup is entitled to be represented by counsel or must have *effectively* waived such right to counsel. The majority of the Court stated that:

"We therefore think the appropriate procedure to be followed is to vacate the conviction pending a hearing to determine whether the in-court identifications had an independent source, or whether, in any event, the introduction of the evidence was harmless error, Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, and for the District Court to reinstate the conviction or order a new trial, as may be proper. See United States v. Shotwell Mfg. Co., 355 U.S. 233, 245–246, 78 S.Ct. 245, 253, 2 L. Ed.2d 234."

The test to be applied in determining the admissibility of the courtroom identification of an accused, previously observed at a lineup, without benefit of counsel, is derived from Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, and set forth in the following language:

"Whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

In applying this test, the Court went on to state matters which should be considered in making a determination, as follows:

"Application of this test in the present context requires consideration of various factors; for example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identifica-

tion. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup."

■ In Wade, as in the instant case, the extrajudicial identification was not offered by the prosecution, but the court summarily dismissed this as not having any significant bearing. The decision rendered in Wade v. United States, supra, was applied to a conviction in Federal Court and the same ·day the Supreme Court in Stovall v. Denno, (1967) 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199, held that in all future cases tried after June 12, 1967, the rule enunciated in Wade v. United States, supra, was made obligatory upon the states by the 14th Amendment of the United States Constitution. The Court has declined to give retroactive effect to Wade.

■ Since the sentence in the instant case was imposed February 17, 1967, and trial preceded that date, in accordance with Stovall v. Denno, supra, we hold that Wade has no application in the instant case.

■■ In all cases triable after June 12, 1967, we are bound by the rule enunciated in Wade v. United States, supra, and recommend to the trial courts that when the issue of extrajudicial identification, such as a lineup or parade without the assistance of counsel or an effective waiver of the right to counsel, is raised, then the court should conduct a hearing outside the presence of the jury to determine if the witness can, independent of the lineup identification, identify the defendant, taking into consideration the guides set forth in Wong Sun v. United States, supra.

■ Since lineups will continue to serve as an important aid in the enforcement of criminal laws, we recommend that officials follow the following procedures:

1. The suspect should be advised of his right to be represented by counsel and to have counsel present if he so desires. He should be further advised that he does not have a right to refuse to participate in the lineup.

2. The witness or victim attending such lineup should be advised of the purpose for which it is being conducted but the officers should not, directly or indirectly, single out one suspect and suggest that he is the person being sought.

3. Other people participating in the lineup should be of the same general weight, height, age, color and race, whenever possible, and the suspect should not be clothed in such a manner as to attract special attention or make him stand out from the other persons in the lineup.

4. The names of all persons participating in the lineup should be recorded and preserved together with the names of the officers conducting said lineup.

5. The suspect's waiver of his right to counsel and voluntary participation in said lineup should be recorded and it should also be recorded if he has counsel present during the lineup.

6. Not more than one victim should be present at the lineup at the same time. Victims previously having attended a lineup should not be allowed to converse with other victims prior to their viewing the lineup.

7. Pictures of the persons participating in the lineup, taken at the lineup, could be of invaluable aid to the trial judge before whom the identification question is raised.

8. Lineups should be conducted whenever possible during daylight hours and witnesses not connected with the police should be encouraged to attend in order that they might later testify as to the method in which the lineup was conducted.

9. Lastly, we emphasize that typewritten records of the manner and mode of conducting the lineup should be prepared and preserved for their later use.

■ Having carefully examined the record and the other assignments of error and finding them without merit, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, J., concurs.