Robert Treat **LAWLER**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–14949.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

T. Hurley Jordan, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Robert Treat Lawler, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County with the crime of Robbery With Firearms; his punishment was fixed at imprisonment in the state penitentiary for a term of 23 years, and he appeals.

The case came on for trial on April 22, 1968, at which time the State presented only three witnesses. The first was the victim of the robbery, Wade Franklin Carter, who testified in effect, that on the night of December 21, 1967, while working alone at Little Jim's Number Three, located at Linwood and Virginia in Oklahoma City, the defendant approached him with a small gun in his hand, forced him to turn over the money in the cash register, amounting to $409.50 in bills and wrapped change, ordered him to the back room, and left. Carter testified that before he gave the money to the defendant, he pushed the alarm button on the cash register.

The other two witnesses, D. Kirby and Robert Jackson, police officers with the Oklahoma City Police Department, testified that while on duty on the night of December 21, 1967, they received a radio call that the holdup alarm had been sounded at Little Jim's Number Three, and upon arriving at the scene about a minute later, they found the defendant leaving the store carrying a cash register box filled with wrapped change. They each testified that they searched the defendant, finding a large number of bills and a snub nose revolver, .38 caliber, in his pockets. They informed the defendant that he was under arrest, advised him of his rights, and took him to the police station to be booked.

The defendant did not take the stand and presented no other witness in his behalf.

There are numerous assignments of error urged on appeal, none of which justify the court in dealing extensively with them, since from our examination of the record we find that the proof of defendant's guilt is overwhelming; he was capably represented by court-appointed counsel in the trial court and appeal; and the trial court carefully and meticulously instructed the jury. It does appear from the record that after his arrest at the scene of the crime he was identified at a police line-up approximately one and a half hours later, by the robbery victim. The court, in a hearing outside the presence of the jury, determined that although the defendant was not represented at the line-up by coun-

sel, his courtroom identification was based on his identification at the scene of the crime, and not as a result of having been viewed in the line-up. Such finding was amply supported by the record and in compliance with United States v. Wade, 388 U.S. 218, 241, 87 S.Ct. 1926, 18 L.Ed. 1149, 1165 (1967), and Thompson v. State, Okl. Cr., 438 P.2d 287.

■ The defendant was first represented in District Court by Mr. Don Anderson of the Public Defender's Office, where, after the defendant expressed dissatisfaction with Mr. Anderson, the court then appointed Mr. T. Hurley Jordan, who represented him during the trial of the case. In the District Court and on appeal, it is argued the fact that defendant did not have an attorney to represent him for 34 days after his arrest, and prior to his preliminary hearing, this denied him due process of law. It is not, however, suggested in what way the defendant was prejudiced by the delay in conferring with counsel, since no confession was taken or evidence obtained as a result of such detention without counsel. We fail to see where defendant was injured thereby.

Prior to trial the defendant sought to enter a plea of not guilty by reason of insanity which plea, in Oklahoma, is encompassed by a plea of not guilty. No suggestion was made by defendant to the court, nor any evidence offered, of a mental condition which would have raised a question in the mind of the trial judge, sufficient to authorize the court to commit the defendant for pretrial observation to a state mental institution, nor indeed, was any evidence offered during the course of the trial which would have supported the court instructing the jury on the issue of insanity as a defense.

The several letters incorporated in the record, written by the defendant, reflect that he is an intelligent person, with a rudimentary knowledge of the law and an over-exaggerated concept of his "rights." Throughout all the proceedings the defendant was critical of his court-appointed counsel, who under the circumstances, performed exceptionally well, and secured for him a sentence of 23 years imprisonment when the punishment could have been life imprisonment or death in the electric chair.

■ We herein note that the defendant also argued that the money and gun taken from his person when he emerged from the scene of the crime, was obtained as a result of an illegal search and seizure and therefore admitted in violation of his constitutional rights. In this connection we need only observe that a felony had been committed and there was probable cause for the arresting officers to place the defendant under arrest and that a search incident to a lawful arrest is not unlawful.

In view of all the foregoing, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.