**Alfred Cornell STEWART,**
**Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-**
**ant in Error.**

**No. A–14939.**

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1969.

Rehearing Denied Sept. 25, 1969.

Robert E. Walker, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, Alfred Cornell Stewart, hereinafter referred to as the defendant, was convicted in the District Court of Logan County, Oklahoma, of the crime of second degree forgery. The case came on for trial on March 20, 1968, and on the same day the jury returned a verdict finding the defendant guilty as charged and assessing his punishment at two years imprisonment. On April 26, 1968, the trial court overruled the motion for a new trial and imposed judgment and sentence, suspending the last year of the two year term.

The critical issue raised on appeal is whether the defendant was denied a fair and impartial trial by virtue of an in-custody exhibition of the accused before identifying witnesses absent an attorney inconsistent with the rule of the United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and the rule of this Court in Thompson v. State, Okl.Cr., 438 P.2d 287 (1968).

The facts in this case involved the exchange of a forged traveler's check in consideration for a motor oil additive and cash at a service station in Guthrie, Oklahoma; to the attendant, Mr. Tandy L. Shaw. The service station attendant, Tandy Shaw, testified that while he was on duty the defendant and another man came into the service station seeking an additive that

could be placed in the gasoline of the car, re-entered the service station, accepted a traveler's check signed by the defendant, and gave the defendant $9.35 in cash as change for the ten-dollar check. Mr. Shaw, under cross-examination by defense counsel, testified that he next saw the defendant on the afternoon following the date of the crime, sitting in the rear seat of the sheriff's car, at which time he identified the defendant and another man as the two who had been in the service station on the previous day and that the defendant was the one who had negotiated the forged instrument.

After the State presented its evidence and rested, defense counsel moved to suppress the evidence for the reason that there was an inadmissible identification of the accused inconsistent with the rule in United States v. Wade, supra. Argument of counsel was then heard on the motion outside the presence of the jury, and the trial court overruled same for the reason that it was not timely and that the courtroom identification was not barred by the decision in United States v. Wade, supra. After a recess, still outside the presence of the jury, the trial court allowed the introduction of evidence on the motion consisting of the testimony of the defendant and the sheriff regarding the identification by Mr. Shaw on the day following the crime. After hearing the evidence, the trial court again overruled the motion to suppress for the reason that defendant's objection was not timely made, either at the pre-trial hearing on motions, or at the beginning of the trial, or immediately after cross-examination of the witness; and for the reason that the identification testimony of Shaw was not precluded under the *Wade* rule.

■■■ The United States Supreme Court in United States v. Wade, supra, held that a pre-trial lineup at which an accused is exhibited to identifying witnesses is a critical stage in a criminal prosecution; that police conduct of such a lineup without notice to and in the absence of counsel denied the accused his constitutional right to counsel and calls in question the admissibility at trial of the in-court identification of the accused by witnesses who attended the lineup. Although in the instant case we do not have a lineup identification as is usually conducted at a police station, we nevertheless have a pre-trial exhibition of the accused to identifying witnesses which becomes a critical stage of the criminal proceedings entitling the defendant to the presence of counsel, unless waived, under the rule of United States v. Wade, supra. However, under the *Wade* rule, we do not find that the in-court identification of the defendant in the instant case to be reversible error.

The *Wade* decision does not stand for the proposition that a pre-trial exhibition of the accused without benefit of counsel to an identifying witness prohibits *absolutely* any in-court identification of the accused by that witness. Rather, the United States Supreme Court held that the prosecution must be given "the opportunity to establish by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification." [388 U.S., at 240, 87 S.Ct. at 1939] in determining whether or not the in-court identification is allowable, the court held:

> "We think it follows that the proper test to be applied in these situations is that quoted in Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 2d 441, 455.
>
> > '[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' "

[388 U.S., at 241, 87 S.Ct., at 1939.]

■■■ In disposing of the *Wade* case, the United States Supreme Court held that the conviction should be vacated pending a hearing to "determine whether the in-court identifications had an independent source, or whether, in any event, the introduction of the evidence was harmless error

* * *." [388 U.S., at 242, 87 S.Ct., at 1940]. In the instant case, the trial court wisely allowed counsel to present evidence regarding the pre-trial exhibition and identification of the defendant which afforded an opportunity to determine whether or not this pre-trial identification was inherently prejudicial and whether the in-court identification had an independent source. After a complete review of the record, we find no error in the ruling of the trial court overruling the motion to suppress the in-court identification of the defendant. We find that the in-court identification of the defendant had an "independent source" come at by "means sufficiently distinguishable to be purged of the primary taint" of the pre-trial exhibition and identification absent counsel.

We therefore conclude that the judgment and sentence should be, and the same is, hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.