**Leo Darrell CHANDLER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defend-
ant in Error.**

**No. A–14808.**

Court of Criminal Appeals of Oklahoma.

Sept. 17, 1969.

Clay Wise, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Leo Darrell Chandler, hereinafter referred to as defendant, was convicted in the District Court of Oklahoma County, Oklahoma, Case No. 33412, of the crime of Robbery With Firearms, sentenced on December 14, 1967, to 99 years imprisonment, and appeals.

It is defendant's first, and critical proposition, that the trial court erred in admitting his identification at the trial after refusing defendant's request for a hearing outside the presence of the jury, as to the courtroom identification being based upon an unconstitutional pre-trial police lineup.

Defendant's trial was conducted on December 5th and 7th, 1967. The crime involved the robbery of a Safeway grocery store by a man armed with a pistol. The victim of the robbery, Mr. Roger Earl Allison, testified that while he was working at the Safeway store, in a checkstand booth, a man approached him, pulled a gun on him, and told him to fill a sack with money. When Mr. Allison was asked on direct examination if his assailant was present in the courtroom, defense counsel objected, and on approaching the bench had the following discussion out of the hearing of the jury:

"MR. WISE: [Defense Counsel] If it please the Court, what I do want, I want a hearing outside the hearing of the jury for the reason that if any portion of his identification was based on the line-up, then, of course, his identification is not qualified or competent in this case and

that is the reason I want to question him outside the hearing of the jury.

THE COURT: It will be overruled and exception allowed. You make a record of it after the trial is concluded, but they are not going to rely on the line-up.

MR. WISE: I realize that, Your Honor.

THE COURT: Well, if you want to bring it up you can by cross examination.

MR. WISE: Exception."

Then, in the presence of the jury, Mr. Allison identified the defendant as the perpetrator of the robbery. No mention was made of a line-up during the direct examination of Mr. Allison. However, on cross-examination the following transpired:

"Q. Now, Mr. Allison, was there ever in your mind, at any time, doubt as to the identification of Mr. Chandler?

A. Well, I wasn't quite sure.

Q. That's right. Now, when did you become sure if you ever did?

A. The day after, sir.

Q. The day after?

A. Yes, sir.

Q. And you weren't sure at that time as to whether he was the person that was in your store, you couldn't definitely say, could you?

A. I wasn't sure.

Q. All right, sir. So, then, after that, of course, you talked some more with the police department, and, the next day, you were sure?

A. Yes sir."

■ The United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), held that a pre-trial lineup at which the accused is exhibited to identifying witnesses is a critical stage in a criminal prosecution; that police conduct of such a lineup without notice to and in the absence of counsel denies the accused his Sixth Amendment right to counsel and calls in question the admissibility at the trial of the in-court identification of the accused by witnesses who attended the lineup. As to whether or not an in-court identification of accused is admissible, after he has been viewed at a pre-trial lineup without benefit of counsel, the Supreme Court held:

"We think it follows that the proper test to be applied in these situations is that quoted in Wong Sun v. United States, 371 U.S. 471, 488, [83 S.Ct. 407, 417, 9 L.Ed.2d 441,] '[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" 388 U.S., at 241, 87 S.Ct., at 1939.

■ Thus, it would appear that defense counsel properly moved for a hearing, outside the jury's presence, as to whether the in-court identification had been tainted by an illegal lineup. The trial judge's reason for denying the motion, because the prosecution was not going to rely upon a lineup identification, does not satisfy constitutional requirements. In United States v. Wade, supra, the court held:

"A rule limited solely to the exclusion of testimony concerning identification at the lineup itself, without regard to admissibility of the courtroom identification, would render the right to counsel an empty one. The lineup is most often used, as in the present case, to crystallize the witnesses' identification of the defendant for future reference. We have already noted that the lineup identification will have that effect. The State may then rest upon the witnesses' unequivocal courtroom identification, and not mention the pretrial identification as part of the State's case at trial. Counsel is then in the predicament in which Wade's counsel found himself—realizing that possible unfairness at the lineup may be the sole means of attack upon the unequivocal courtroom identification, and having to probe in the dark in an attempt

to discover and reveal unfairness, while bolstering the government witness' courtroom identification by bringing out and dwelling upon his prior identification. Since counsel's presence at the lineup would equip him to attack not only the lineup identification but the courtroom identification as well, limiting the impact of violation of the right to counsel to exclusion of evidence only of identification at the lineup itself disregards a critical element of that right." 388 U.S., at 240, 87 S.Ct., at 1939.

The United States Supreme Court flatly held in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967):

"The admission of the in-court identifications without first determining that they were not tainted by the illegal lineup but were of independent origin was constitutional error." 388 U.S., at 272, 87 S. Ct., at 1956.

In Thompson v. State, Okl.Cr., 438 P.2d 287 (1968), this Court held, in the first paragraph of its Syllabus, as follows:

"In all cases triable in Oklahoma after June 12, 1967, the admissibility of the courtroom identification of a defendant by an eye-witness to a crime who has previously identified the accused at a lineup at which he was not represented by counsel or had not effectively waived the same, the court is bound by the rule enunciated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149."

Defendant's trial on December 5, 1967, was, of course, after the effective date of the Wade decision, and his conviction, by virtue of a trial which did not comply with the then applicable requirements of the United States Supreme Court, cannot be allowed to stand. We are therefore compelled to reverse the conviction and remand this cause to the District Court for a new trial consistent with United States v. Wade, supra, and Thompson v. State, supra.

Reversed and remanded to the District Court for a new trial.

BRETT, P. J., and NIX, J., concur.