**Robert Treat LAWLER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14943.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1969.

T. Hurley Jordan, Asst. Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Robert Treat Lawler, hereinafter referred to as the defendant, was charged in the District Court of Oklahoma County by information with the crime of Robbery with Firearms. He was tried by a jury, found guilty, and his punishment assessed at 35 years in the penitentiary. From that judgment and sentence he has appealed to this Court.

From the record, it appears that Lawrence H. Lewis, Jr., testified that on December 2, 1967, while he was a clerk at Turk's Market in Oklahoma City he was robbed by a man whom he identified as defendant. Another employee, Jimmy Williams, was also there. Lewis said the robber produced a snub-nosed .38 cal. blue steel revolver and demanded the money, which Lewis put in a sack for him. The robber then told Lewis and Williams to go in the back room, which they did. The robber then left, and soon Lewis called the police. He described the robber's height, weight, hair color, and age to the officers and testified that while he had seen defendant in a lineup and two preliminary hearings, he based his in-court identification upon what he observed at the robbery.

Jimmy Williams, 15 years old, testified he was in Turk's Market on the same night and gave substantially the same account of the robbery as did Lewis and identified defendant as the robber. Williams said he had seen defendant in a lineup and at that

time was not sure defendant was the robber, but at the trial, was sure. He accounted for this change by saying that at the lineup defendant was unshaven "and had lost some weight too", and at the time of the robbery defendant was heavier set and wearing his hair longer.

Prior to most of the jury proceedings, a hearing was held in chambers at which Lewis testified that he identified defendant as the robber from what he saw at the robbery. He insisted that the lineup did not aid him in his courtroom identification. Williams testified in chambers that he identified defendant as the robber from what he saw at the robbery. He was shown pictures of suspects but did not see one of the robber. He attended a lineup (different from the one Lewis attended) at which he identified defendant as the robber. He had attended an earlier lineup but did not see the robber there. He stated the lineup did not influence his identification. Lawler was removed from the chambers and Williams described the features by which he identified defendant: "his facial characteristics, his hair was the same color as this, and—you know you could tell it comes back a little, and he had wide cheek bones—I could tell that—and that's just about all, but that's the man."

■ At the in-chambers hearing Officer Baldwin of the Oklahoma City Police Department told of a confession by defendant to the robbery, which defendant denied and said that all he told Baldwin was that "after I had been allowed to see an attorney—I would go along with them 100 per cent on any charges." After some discussion the trial court ruled that Baldwin could not testify to any admissions because defendant had demanded counsel and not been given the opportunity to talk to a lawyer. The trial court ruled further that the identification was not tainted by the police line-up, stating:

"Back to the matter of identification—I think the record will show that. The record should show that the defendant is not a nondescript person but has distinctive features. He is a white male, has a long narrow head and thin face, high cheek bones, long and high nose with a prominent bridge, short blonde hair and high forehead—very distinct features."

This Court is of the opinion that the trial judge followed the procedure as stated by the United States Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and, as outlined by this Court in Thompson v. State, Okl.Cr., 438 P.2d 287 (1968) by conducting the hearing out of the presence of the jury, and making a determination thereon.

■ This Court stated in the very recent case of Stewart v. State, Okl.Cr., 458 P.2d 646, opinion of September 10, 1969:

"A pre-trial in-custody exhibition and identification of an accused without notice to or presence of counsel does not render inadmissible the in-court identification of an accused by an identifying witness at the exhibition where the trial court, outside the presence of the jury, hears defendant's motion to suppress and a determination is made that the in-court identification has an independent source come at by means sufficiently distinguishable to be purged of the primary taint of the illegal pre-trial identification."

This Court is of the opinion that, in the instant case, the "in-court identification" had an independent source, and was not "tainted" by the pre-trial exhibition and identification absent counsel.

■ This Court is of the opinion that the defendant had a fair and impartial trial, and that the sentence is not excessive. Therefore, the judgment and sentence in Oklahoma County District Court case number 34096 is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.