Rodney Glen HUGHES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14920.

Court of Criminal Appeals of Oklahoma.

May 13, 1970.

·Jay Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., John C. Howard, Administrative Asst., for defendant in error.

BUSSEY, Judge.

Rodney Glen Hughes, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at 15 years imprisonment in the state penitentiary, and he appeals.

The burglary with which this prosecution was concerned occurred on the afternoon of September 12, 1967, of a residence located at 446 South Garnett, Tulsa, Oklahoma. The home was forcefully entered by breaking open the rear door and a transistor radio, highschool class ring and approximately $7.00 in collector's coins were stolen. From the testimony of the State's witnesses, it established the following to be in substance what occurred:

Mr. Van Ray Greenwood testified that on September 12, 1967 he received a telephone call that his home had been burglarized. On making an inspection of his home he found that the rear door had been chiseled and beaten and the front door had been jammed. He also found that his class ring, transitor radio, and some old coins had been stolen. Mr. Greenwood identified the radio recovered by the police by its appearance and his class ring by his initials contained on the inside of the ring.

The next witness for the State, Mrs. Dorothy Goumaz, testified that on the afternoon of September 12th she was standing in her neighbor's yard, Mrs. Mary Nelson, when she noticed the defendant coming out of the Greenwood home carrying a paper sack. On observing him from approximately 50 feet away, she and Mrs. Nelson became suspicious by the defendant's acts and the fact that he seemed to be hurrying. She continued to observe the defendant as he passed the house and then she got in her car and began following the defendant to his car and pulled her car in behind his as he was getting in. She watched him as he turned the car around to leave and noted the car's tag number.

The next witness to testify concerning the burglary was Mrs. Mary Nelson. Her testimony in substance was similar to that given by Mrs. Goumaz in that she was talking with Mrs. Goumaz when the defendant came out of the Greenwood residence. She recalled the clothing the defendant was wearing, which was the same as that testified to by Mrs. Goumaz.

Tulsa Police Officer Gene Keith next testified concerning his investigation of the burglarized home. In the course of his investigation he checked the license number given by Mrs. Goumaz and traced it to the defendant. He further stated that when he arrested the defendant on September 14, 1967, he recovered the stolen radio.

Police Detective C. R. Arrington was the last witness called by the State. In addition to relating the facts concerning the recovery of the stolen radio, he stated that he recovered the stolen class ring from the mother of the wife of the defendant. The defendant's wife had instructed her mother to return the ring.

The defendant elected not to take the stand on his own behalf and produced no witnesses.

The single assignment of error urged on appeal is that the trial court erred in allowing evidence of identification and overruling defendant's Motion to Suppress after the evidentiary hearing. He relies on the case of Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

During the trial, when it became apparent to defense counsel that the State intended to establish by witnesses Goumaz and Nelson that the defendant on trial was the same man seen by them emerging from the Greenwood home with a paper sack whom they had observed on the afternoon of September 12th, and had taken the license number of his motor vehicle, defense counsel requested and received an evidentiary hearing to determine whether or not the courtroom identification was based on a lineup held within two days after the burglary by the Tulsa police, or whether the courtroom identification could be made

from a source independent of said lineup. During said hearing Officer Keith testified that participating in the lineup were the defendant, age 21, Richard Wallace, age 27, Robert Gary, age 27, and Douglas Gary, age 19, and all were white males, of the same general build. Witnesses Goumaz and Nelson who viewed this lineup were uncertain as to the number of men participating in it, but stated they had no difficulty in determining that the defendant was the one seen earlier at the Greenwood premises. No evidence was offered or suggestion made that the police had advised these witnesses who to identify at said lineup. Both witnesses testified that had the lineup not been conducted, they could have identified the defendant as the man seen leaving the Greenwood premises and that their courtroom identification was based upon seeing him at the scene of the burglary.

Although the defendant had signed a Miranda waiver, he had requested that he be represented by the Public Defender. It is clear from the foregoing summary of facts adduced on the evidentiary hearing, that the trial court was correct in ruling that the courtroom identification by the witnesses of the defendant was not tainted by the lineup, but rather was based on their observation of the defendant at the scene of the crime. It is clear that the trial court, in conducting the hearing and in making his determination, met the standards set forth by this Court in Thompson v. State, Okl.Cr., 438 P.2d 287, construing, Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 1956, 18 L.Ed.2d 1178, and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. In Thompson v. State, supra, we stated:

"In determining the admissibility of the courtroom identification of such witness, the trial court should conduct a hearing outside the presence of the jury and determine if, independent of the lineup identification, the witness can make positive identification of the accused, taking into consideration the following: the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup."

Finding that the trial court's determination that the courtroom identification of the defendant by the State's witnesses was based on their observation of him at the scene of the burglary, independent of the lineup identification, and was amply supported by the evidence, we are of the opinion that this assignment of error is without merit and the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.