Richard Dale LAWSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15347.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Curtis A. Parks, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Richard Dale Lawson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the crime of Robbery with Firearms; his punishment was fixed at imprisonment for a term of fifteen to forty-five years, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on the evening of July 27, 1968, Harold Hill was at his home in Tulsa. His family was out of town and he went to bed about midnight. He was awakened about 4:30 a.m. the following morning by a person in his bedroom with a gun in his hand. He jumped up and turned on a light and observed the person, whom he identified as the defendant, for approximately ten seconds. The defendant, at gunpoint, ordered him to lie on the bed on his stomach and tied his hands and feet with a torn pillowcase. He was blindfolded and gagged. He heard someone rummaging through the house and eventually leave. He managed to cut himself free and found the telephone cords ripped from the wall.

Johnny Lawrence and Ruth Rush, his common law wife, testified for the defense. Lawrence and the defendant drank 15–18 glasses of beer the evening of July 27th. They arrived at Lawrence's "wife's" house at approximately 2:30 a.m. Lawrence went to bed and the defendant talked to Ruth Rush until 4:00 a.m. The defendant went to sleep and did not leave until later that morning.

The defendant's first proposition alleges that the trial court erred in giving a "good time instruction" in the second stage of the trial. This Court has previously held that the giving of such instruction is error; however, if the instruction is given after a determination of guilt, this does not constitute reversible error. Williams v. State, Okl.Cr., 461 P.2d 997. We have consistently modified sentences where the giving of this instruction may have caused the jury to impose a greater sentence. From our examination of the record, we are of the opinion that the ends of justice would best be served by modifying the judgment and sentence to an indeterminate sentence of not less than ten (10), nor more than thirty (30) years imprisonment.

The defendant's second proposition contends the trial court erred in allowing the identification of the defendant by the prosecuting witness after such testimony was objected thereto as being tainted. The defendant made a timely Motion to Suppress witness Hill's in-court identification of the defendant. The trial court excused the jury and conducted an evidentiary hearing. The evidence at the hearing revealed that Hill observed the defendant from seven to ten seconds in the bedroom. One week later he was shown approximately two hundred similar-sized and colored photographs of various persons. Hill picked the defendant's photograph without any suggestion from the police officer. He was called to the police station several days later and walked into the detective's office wherein the defendant was sitting with five or six other persons. There is nothing in the record to indicate this confrontation was purposely arranged by the police officers.

The trial court, at the conclusion of the evidentiary hearing, stated that even though there had been no formal lineup, the court would follow the guidelines set out in Thompson v. State, Okl.Cr., 438 P. 2d 287. In the *Thompson* case, supra, we stated:

"In determining the admissibility of the courtroom identification of such witness, the trial court should conduct a hearing outside the presence of the jury and determine if, independent of the lineup identification, the witness can make positive identification of the accused, taking into consideration the following: the prior opportunity to observe the alleged criminal act, the existence of any dis-

crepancy between any pre-lineup description and the defendant's actual description, any identification prior to the lineup of another person, the identification by picture of the defendant prior to the lineup, failure to identify the defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. It is also relevant to consider those facts which, despite the absence of counsel, are disclosed concerning the conduct of the lineup."

The trial court, in the instant case, had the *Thompson* opinion before it while questioning the witnesses (CM 96). The questions propounded were painstakingly taken verbatim from the *Thompson* case, supra. We are of the opinion that there was ample evidence from which the trial court could judicially determine that the courtroom identification was not tainted. We, therefore, find this proposition to be without merit.

■ The defendant's final proposition alleges that the verdict is not sustained by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Kelly v. State, Okl.Cr., 415 P.2d 187. We find this proposition to be without merit.

In accordance with the authority above set forth, the judgment and sentence is hereby modified from an indeterminate sentence of not less than fifteen (15), nor more than forty-five (45) years imprisonment, to an indeterminate sentence of not less than ten (10), nor more than thirty (30) years imprisonment, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT, P. J., and NIX, J., concur.