Richard Earl MITCHELL, Plaintiff
in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15369.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BUSSEY, Judge.

Richard Earl Mitchell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at ten years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence revealed that on February 11, 1969, Guy Haines operated a tire shop at 11118 Southeast 29th in Oklahoma City. He checked the place after closing and determined that all the doors and windows were locked. That night the place was burglarized, entry apparently having been made through a window that had previously been partly broken. There were some tires, tubes, and a box of tools missing.

Albert David Brindlee testified that he was at his girl friend's house, next door to the tire shop, and around 11:00 p. m. saw a car at the shop with the engine running and saw someone put some tires and a tool box in the car. He saw defendant and three others there, but did not see defendant handle anything (R 28).

Josephine Lopez, Brindlee's girl friend, testified substantially as he did, but she said she saw defendant put some tires in the car.

Officer Mincy of the Oklahoma City Police Department investigated the burglary and arrested defendant and two others, and recovered the missing property hidden under a bridge.

Officer Davidson of the Oklahoma City Police Department, testified that after warning defendant of the rights against self-incrimination, he interviewed defendant the next day and defendant admitted having committed the burglary.

Defendant testified that he learned of the burglary from the others. He had been in their company that night, but he left them to visit his girl friend. He denied having any part in the burglary and denied having admitted anything to Officer Davidson (R 88).

Annie Polly Smith testified that she was the wife of one of the co-defendants, and was with her husband and defendant and another co-defendant, but that they left defendant at his girl friend's house about 9:30 p. m.

Defendant admitted the former conviction.

The defendant's first proposition alleges that the evidence is not sufficient to sustain the verdict. This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Gray v. State, Okl.Cr., 467 P.2d 518. We, accordingly, find this proposition of error to be without merit.

The defendant's final proposition contending that the punishment is excessive, is totally without merit. The ten year

sentence imposed is the minimum sentence allowed by law.

In conclusion, the record is free of any error which would justify modification or reversal, and the judgment and sentence is hereby affirmed.

BRETT, P. J., and NIX, J., concur.