Gary Michael **SIMON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16603.

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Chad Bledsoe, Lawton, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

OPINION

SIMMS, Judge:

Plaintiff in error, Gary Michael Simon, hereinafter referred to as defendant, was charged in the District Court of Comanche County, Oklahoma, Case No. CRF–70–254, with the crime of Possession of Marijuana. He was tried by a jury, found guilty, and sentenced to Two (2) Years in the penitentiary. From that judgment and sentence he has appealed to this Court.

Defendant's brief was due to be filed in this Court on or before May 20, 1971. This was not done, nor an extension of time requested. Therefore, on September 28, 1971, this cause was submitted summarily by order of the Presiding Judge for review of the record without briefs for fundamental error only.

Briefly, the facts of this case are that the Highway Patrol had set up a drivers license check for vehicles on a road close to Medicine Park. Trooper Whitehead testified that he saw an automobile approaching about twenty-five yards away, and that because of the light from eight other patrol cars shining through the back of the approaching car, he observed a person seated in the right rear lean across to the left hand window and put something out the window. The car subsequently stopped right in front of the trooper, and he looked down and saw a matchbox adhered to the side of the vehicle with moisture. He opened the box, and found the contents to be marijuana. At that time, he placed the defendant and the other occupants of the car under arrest, advised them of their constitutional rights. He then checked the car and found that the window in the right rear was jammed and couldn't be opened.

James Snyder, a passenger in the car, testified that defendant reached across Snyder and put the matchbox out the window. The defendant took the stand in his own behalf, and denied, categorically, possessing marijuana; or putting the matchbox out the window of the car.

The conflict in the testimony presented a factual situation for the jury, and as this Court has stated repeatedly:

"Where there is competent evidence in record from which jury could reasonably conclude that defendant was guilty as charged, the Court [of Criminal Appeals] will not interfere with verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of jury to weigh evidence and determine the facts." Fink v. State, Okl.Cr., 480 P.2d 938 (1970).

See also, Mitchell v. State, Okl.Cr., 479 P.2d 612 (1971); Lawson v. State, Okl.Cr., 479 P.2d 600 (1971), and Bryant v. State, Okl.Cr., 478 P.2d 907 (1970).

We have reviewed the information, instructions of the court, as well as the en-

tire record and find no fundamental error. The two year sentence is within the statute and not excessive.

The judgment and sentence is, therefore, Affirmed.

BUSSEY, P. J., concurs.

BRETT, Judge (specially concurring):

I would modify this to One Year.