Roy Lee LITTLETON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–16770.

Court of Criminal Appeals of Oklahoma.

March 22, 1972.

Jo-Ann Fisher Corrigan, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

## OPINION

SIMMS, Judge:

Plaintiff in error, Roy Lee Littleton, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County, Case No. CRF–70–2492, with the crime of Robbery with Firearms, After Former Conviction of a Felony. He was tried by a jury, found guilty, and sentenced to Sixty (60) Years in the penitentiary. From that judgment and sentence he has perfected a timely appeal to this Court.

Defendant's brief was due to be filed in this Court on or before August 6, 1971. Defendant requested, and was granted, an extension of time to file brief to October 23, 1971. However, no brief was filed nor further extensions granted. Accordingly, on December 9, 1971, this cause was submitted summarily by order of the Presiding Judge for review of the record, without briefs, for prejudicial error only.

The facts of the case are, substantially, as follows:

Roy C. Dunn, testified he is the manager of the K & K Grocery in Oklahoma City. That on August 25th, 1969, at about 11 o'clock at night, the defendant came in the store, asked for some cigarettes. Defendant then pulled a "western type" revolver and told witness Dunn to open the cash register. Defendant told him to put the money from the cash register in a paper sack. Defendant also told him to put his billfold in the sack. The witness identified the defendant as the person who robbed him.

Officer Dennis L. Berglan, Detective with the Oklahoma City Police Department, testified that he and Detective Jerry Guinn arrested defendant at an apartment house in Oklahoma City. That when they first observed defendant, he was loading his car with his personal belongings. That he was placed under arrest and advised of his constitutional rights. He was then searched and a .22 cal. revolver, western type, was found in the waistband of his trousers, under his shirt, fully loaded. He had $59.69 in money, a car key, and five rounds of live ammunition on his person.

Two witnesses testified on behalf of defendant, and stated that he was with them, at another place, at the time of the robbery; thus establishing his defense of alibi. However, on rebuttal, there was evidence presented by the state which would tend to disprove a portion of both of these witnesses' testimony.

 There are only two allegations herein that are constitutional, and which we will discuss. First, defendant objects to a warrantless search. The officers were arresting defendant for a felony involving firearms. They were entirely justified in searching his person and automobile, as defendant was loading personal belongings into his car at the time he was arrested. The only question might arise from the search of his apartment without a warrant. However, no evidence found in the search of the apartment was introduced in evidence at the trial. We are of the opinion that, because of this, defendant was not prejudiced thereby.

 Second, there was some question regarding identification and the police line-up. The witness Dunn testified he picked defendant from a series of photographs. He had observed defendant at the time of the robbery for a period of three to five minutes in a well-lighted store. He positively identified defendant, even before the line-up. At page 51 of the transcript, Officer Berglan testified regarding the line-up identification:

"Q. At the time of the lineup, do you know whether or not the victim, Mr. Dunn, had trouble or no trouble or was faltering or was hesitant in picking out this defendant (indicating) as the person that had robbed him?

A. No sir. He picked the defendant out before the lineup was completed and

we went ahead and completed the lineup and walked outside and he said it was No. Four, * * *."

Because of the length of time defendant was in the store, and the absolute, positive, identification of defendant before the line-up, this Court is of the opinion that no prejudice or so-called "tainted identification" attached therefrom. The in-court identification of defendant at trial meets the requirements of Thompson v. State, Okl.Cr., 438 P.2d 287.

We have carefully examined the instructions, and find that the trial court instructed on the elements of the offense, and on defendant's theory of defense, to-wit: alibi.

We further find that the sentence imposed is not excessive under the facts of this case, and the defendant's previous conviction for robbery.

The judgment and sentence is, therefore, affirmed.

BUSSEY, P. J., and BRETT, J., concur.