977 F.2d 595
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rodney Terrence FISHER, Petitioner-Appellant,
v.
Jack COWLEY; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-5111.
 United States Court of Appeals, Tenth Circuit.
 Sept. 29, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Fisher, an Oklahoma state inmate, appeals from the denial of his habeas petition. We affirm.
 
 
 3
 Mr. Fisher was convicted of robbery by force after two or more felonies and was sentenced to thirty-two years imprisonment. Mr. Fisher filed a pro se habeas petition pursuant to 28 U.S.C. § 2254 (1988) challenging this conviction. Mr. Fisher raised three purported constitutional errors: (1) his pretrial identification was tainted by an impermissibly suggestive lineup; (2) the trial court abused its discretion in refusing to give the petitioner's requested cautionary instruction regarding the identification by the victim; and (3) the merits of these two claims were not resolved in an adequate fact-finding procedure by the Oklahoma Court of Criminal Appeals.
 
 
 4
 The district court analyzed these claims in a thorough seven-page order dated May 19, 1992 and denied relief.
 
 
 5
 Mr. Fisher appeals pro se, raising essentially the same first two arguments as were raised before the district court.
 
 
 6
 The district court correctly analyzed the first claim by applying the five factors enumerated in Manson v. Brathwaite, 432 U.S. 98, 114 (1977) to the state court record and concluding that the lineup was not constitutionally tainted. The district court utilized correct law and correctly applied the facts as found by the Oklahoma courts in reaching this conclusion. We discern no error.
 
 
 7
 Habeas corpus relief is not available to set aside a jury instruction unless the instruction "by itself so infected the entire trial that the resulting conviction violates due process." United States v. Frady, 456 U.S. 152, 169 (1982). Mr. Fisher has failed to show that the failure to give a cautionary eyewitness identification instruction to the jury rendered the trial fundamentally unfair. The victim in this case made a continuing and positive identification following a good opportunity to observe the defendant.
 
 
 8
 The judgment of the district court is AFFIRMED for substantially the same reasons set forth in its order of May 19, 1992, a copy being attached.
 
 ATTACHMENT
 
 9
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF OKLAHOMA
 
 10
 RODNEY TERRENCE FISHER, Petitioner,
 
 
 11
 v.
 
 
 12
 JACK COWLEY, J.H.C.C., Respondent.
 
 91-C-986-B
 ORDER
 
 13
 This order pertains to petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docket # 1)[1] and respondent's Response (# 3). Petitioner was convicted in Tulsa County District Court, Case No. CRF-86-4138, of robbery by force after former conviction of two or more felonies, and sentenced to thirty-two (32) years imprisonment. The conviction was affirmed on appeal to the Oklahoma Court of Criminal Appeals. Petitioner did not file an application for relief under the Oklahoma Post-Conviction Procedure Act, 22 O.S. § 1080 et seq.
 
 
 14
 Petitioner seeks federal habeas relief on the alleged grounds that: 1) the identification at his trial was tainted by an impermissibly suggestive lineup and should have been suppressed, 2) the trial court abused its discretion in refusing to give the petitioner's requested cautionary instruction regarding the identification by the victim, and 3) the merits of these two claims were not resolved in an adequate factfinding procedure by the Oklahoma Court of Criminal Appeals.
 
 
 15
 In his first ground, petitioner alleges that the trial court's failure to suppress the victim's in-court and lineup identifications of petitioner was a constitutional violation, in that the participants in the lineup were dissimilar to the petitioner in all having facial hair so the petitioner stood out.
 
 
 16
 In Stovall v. Denno, 388 U.S. 293 (1967), the Supreme Court stated that a claimed violation of due process of law in the conduct of a lineup depends on the totality of the circumstances surrounding it. In Thompson v. State, 438 P.2d 287, 289 (Okla.Cr.App.1968), the court set out the standards for pretrial lineups, saying that the "[o]ther people participating in the lineup should be of the same general weight, height, age, color and race, whenever possible, and the suspect should not be clothed in such a manner as to attract special attention or make him stand out from the other persons in the lineup."
 
 
 17
 In this case both the trial court and the Oklahoma Court of Criminal Appeals concluded that the pretrial lineup was not so suggestive as to taint the in-court identification by the victim of the robbery.[2] This court is to show deference to these findings that the pretrial identification procedures were proper. Sumner v. Mata, 449 U.S. 539, 547 (1981).
 
 
 18
 The court has examined the photographs of petitioner in the lineup and is led to the same conclusion that the trial was not tainted. All five men in the lineup were dressed similarly, were of similar complexion, were of similar build, and had similar hair coloring.
 
 
 19
 Even if the lineup had been suggestive, the identification of the petitioner by the state's witness, the woman who was robbed, was independently reliable. It has been held that even where the pretrial identification procedures are unduly suggestive, the in-court identification is still proper if the identification is shown to be independently reliable. Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Simmons v. United States, 390 U.S. 377, 384 (1968).
 
 
 20
 In Manson, 432 U.S. at 114, the Court listed the criteria to be examined in evaluating this issue: "reliability is the linchpin in determining the admissibility of identification testimony.... The factors to be considered ... include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the length of time between the crime and the confrontation". ( See also, Neil v. Biggers, 409 U.S. 188, 199-200 (1972).
 
 
 21
 The transcript of the trial held on March 3, 4, and 18, 1987 ("TR") reveals that the identification was independently reliable. The victim had an excellent opportunity to view the petitioner as he got out of his car and approached her and then as they discussed directions to various streets. It was broad daylight, petitioner wore no disguise or mask, and he was very close to the victim for some length of time (TR 26-30).
 
 
 22
 The level of certainty of the victim at trial when she identified the petitioner was high. The victim stated in court that petitioner committed the robbery (TR 36-37). There is no evidence that the witness was the least bit uncertain in her identification at trial or in the lineup (TR 35-37).
 
 
 23
 Finally, the length of time between the crime and the confrontation was not out of the ordinary. The crime occurred on October 24, 1986 and the lineup took place a few days later (TR 35). This is not an extraordinary length of time. The Supreme Court upheld an identification following a seven-month interlude in Neil v. Biggers, 409 U.S. at 200. Weighing all the factors and considering the totality of the circumstances, there is no substantial likelihood of misidentification and petitioner's first ground has no merit.
 
 
 24
 In his second ground, petitioner claims that the trial court abused its discretion in refusing to give his requested cautionary instruction regarding the identification by the victim. Habeas corpus relief is not available to set aside a conviction on the basis of erroneous jury instructions unless the error has such an effect on the trial that it is rendered fundamentally unfair. Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980). In United States v. Frady, 456 U.S. 152, 164 (1982), the Supreme Court determined that before obtaining habeas corpus relief based on a challenged jury instruction, a petitioner must show that the " 'instruction by itself so infected the entire trial that the resulting conviction violates due process,' not merely whether 'the instruction is undesirable, erroneous, or even universally condemned.' " (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977)).
 
 
 25
 The Oklahoma Court of Appeals has held in several cases that a cautionary instruction is not necessary if certain conditions are met: 1) there is a good opportunity for positive identification, 2) the witness is positive in the identification, 3) the identification is not weakened by prior failure to identify, and 4) the witness remains positive as to the identification even after cross-examination. Renfro v. State, 734 P.2d 286, 288 (Okla.Crim.App.1987); Pisano v. State, 636 P.2d 358 (Okla.Crim.App.1981), cert. denied, 456 U.S. 963 (1982).
 
 
 26
 As already discussed, it is clear that the victim in this case had a good opportunity to make a positive identification when she viewed the robber for several minutes in broad daylight and carried on an unobstructed face-to-face conversation with him. She was positive in her identification, identified him in the earlier lineup, and remained positive about the identification throughout her testimony. The petitioner has failed to show that the failure to give a cautionary instruction regarding the victim's identification rendered the trial fundamentally unfair. His second claim has no merit.
 
 
 27
 Finally, petitioner claims that the Oklahoma Court of Criminal Appeals did not perform an adequate factfinding procedure to resolve his claims on his direct appeal. Generally, errors occurring in state post-conviction proceedings are not sufficient to raise a federally cognizable issue as to the underlying state criminal conviction. Such claims represent an attack on a proceeding that is collateral to the detention of the prisoner and not on the detention itself. Hopkinson v. Shillinger, 866 F.2d 1185 (10th Cir.1989); Williams v. Missouri, 640 F.2d 140, 144 (8th Cir.), cert. denied, 451 U.S. 990 (1981).
 
 
 28
 However, in Evitts v. Lucey, 469 U.S. 387, 393 (1985), the Supreme Court held that the Sixth Amendment right to the effective assistance of counsel attaches to criminal appeals in which a criminal defendant has a constitutional right to counsel and the procedures used in deciding such appeals must comport with due process and equal protection requirements. The Court earlier found the right to counsel on first appeal is fundamental. Ross v. Moffitt, 417 U.S. 600 (1974).
 
 
 29
 Petitioner claims that the merits of his "factual dispute raised in his direct appeal brief" were not "adequately resolved in an adequate determination to afford him due process of law by a factfinding procedure employed by the state courts to afford him a full and fair determination of the merits of his factual issue." (Petitioner's Petition for a Writ of Habeas Corpus, pg. 10). He has not shown how the "factfinding procedure" used by the Oklahoma Court of Criminal Appeals was "inadequate". This court can perceive no inadequacies in the discussion of fact and law contained in the final opinion of the Court of Criminal Appeals regarding petitioner's appeal issued on January 6, 1989.[3] There is no merit to petitioner's third ground.
 
 
 30
 Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied.
 
 
 31
 Dated this 19th day of May, 1992.
 
 
 32
 /s/ THOMAS R. BRETT
 
 
 33
 /s/ UNITED STATES DISTRICT JUDGE
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 "Docket numbers" refer to numerical designations assigned sequentially to each pleading, motion, order, or other filing and are included for purposes of record keeping only. "Docket numbers" have no independent legal significance and are to be used in conjunction with the docket sheet prepared and maintained by the United States Court Clerk, Northern District of Oklahoma
 
 
 [2]
 During a recess granted at trial for defense counsel to present his motion to suppress the in-court identification of the victim, based on the claim that the lineup was overly suggestive, the following dialogue occurred:
 MR. TROY: Your Honor, we have a motion on file to suppress in-court identification as far as Miss Gladys O'Connor is concerned. We would assert to the Court that the lineup that was held in this matter was overly suggestive. This lady described her assailant in exceedingly general terms and described him as having no facial hair. I believe photos of the lineup will show there were several people in that lineup that did have facial hair. We think that any identification in court would be meaningless at this point and would not comport with proper case law, Manson v. Braithwaite, and so forth.
 I ask the Court to look at the photographs and make a determination as to whether the lineup was fair and comports with proper procedure.
 THE COURT: In what regard, Counselor? There's many different reasons you can object to the photographs. What is your specific--
 MR. TROY: My specific objection, Judge, is that too much attention in those photographs was drawn to Rodney Fisher. I do not think it was adequate from the standpoint of having somebody of the same general physique, shape of face and as far as facial hair goes, height. There was a great differentiation in height also.
 I ask the Court to look at those and rule as to whether or not the lineup was acceptable.
 THE COURT: Very well. Does State's counsel have the photographs?
 MS. PRIORE: Yes, Judge, I do.
 THE COURT: Very well. I will have a look.
 Well, for the purpose of the record, I am looking at these photographs at this time; and I have been in court for the last day and a half; and to tell you the truth, I am having a hard time figuring out which one is the defendant myself which would indicate to me this is a fair and impartial lineup.
 Which one is the defendant?
 MS. PRIORE: He is number two in the photographs--number two from the left.
 THE COURT: Very well. I think this is one of the most fair lineups I have seen in a long time. I will allow defense counsel an exception, but these are all young males--black males and apparently the same age and the same features as far as I am concerned. I certainly will overrule the objection of defense counsel at this time. (TR 20-22) (emphasis added).
 The Oklahoma Court of Criminal Appeals also considered this issue on appeal and concluded in its order of January 6, 1989 as follows:
 In his first assignment of error, the appellant asserts that the trial court erred in overruling his motion to suppress the victim's in-court identification of him. Specifically, the appellant claims that the identification was tainted by an impermissibly suggestive pre-trial lineup. We disagree.
 Initially, we note that the six participants in the lineup at issue were all black males of the same general age, weight and height, and wearing substantially identical clothing. Therefore, we find that the lineup complied with the physical characteristics criteria enunciated in Thompson v. State, 438 P.2d 287, 289 (Okl.Cr.1968).
 
 
 [3]
 Even if the state court did not make an "adequate determination", petitioner has presented to this court the same claims of violation of his constitutional rights which he presented on appeal, and this court has considered their merits and found petitioner is not entitled to habeas corpus relief