**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RODNEY T. FISHER,

     Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

     Respondent - Appellee.

No. 16-5169
(D.C. No. 4:16-CV-00116-GKF-TLW)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Rodney T. Fisher, an Oklahoma prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion under Federal Rules of Civil Procedure 59 and 60. We deny a COA and dismiss this matter.

Mr. Fisher was convicted by a jury of robbery by force after two previous felonies (Tulsa County District Court, Case No. CRF-86-4138). He unsuccessfully pursued relief under § 2254 with regard to this conviction. *See Fisher v. Cowley*, No. 92-5111, 1992 WL 252418, at *1 (10th Cir. Sept. 29, 1992) (unpublished).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In February 2016, Mr. Fisher filed another § 2254 application, asserting that he had new evidence of his actual innocence—an affidavit from one of the persons who actually committed the robbery. Noting Mr. Fisher's earlier § 2254 proceeding, the district court concluded that the application was an unauthorized second or successive § 2254 application and dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). Mr. Fisher then sought authorization from this court, which denied the motion based on failure to show due diligence in obtaining the new evidence. *In re Fisher*, No. 16-5034, slip op. at 2-3 (10th Cir. May 4, 2016) (unpublished).

Seven months after the district court dismissed his 2016 application, Mr. Fisher filed a motion under Rules 59 and 60, again asserting his actual innocence and attempting to demonstrate his diligence in obtaining his new evidence. The district court concluded that because this motion also challenged Mr. Fisher's underlying conviction, it too was subject to the restrictions on second or successive § 2254 applications and must be dismissed for lack of jurisdiction. Mr. Fisher now seeks to appeal.[1]

To appeal, Mr. Fisher must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). Where, as here, a district court has dismissed a filing on procedural grounds, for a COA the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

---

[1] Mr. Fisher's notice of appeal was timely only as to the denial of the Rule 59/60 motion. *See* Fed. R. App. P. 4(a)(1)(A). We therefore consider only the dismissal of that motion, not the dismissal of the February 2016 § 2254 application.

would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Before this court, Mr. Fisher fails to address the grounds for the district court's dismissal—that the district court lacked jurisdiction to consider the motion because it was subject to the restrictions on second or successive § 2254 applications. Instead, he focuses on the merits of his claims. We do not consider the merits, however, because no reasonable jurist could debate the district court's procedural decision.

Mr. Fisher earlier pursued relief under § 2254 with regard to this conviction. Therefore, he must obtain this court's authorization before filing another § 2254 application. *See* 28 U.S.C. § 2244(b)(3)(A); *Cline*, 531 F.3d at 1251. And because Mr. Fisher's motion under Rules 59 and 60 asserted a ground for relief from his underlying conviction, it was equivalent to an application under § 2254 and subject to the restrictions of § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). It is undisputed that Mr. Fisher did not obtain this court's authorization before filing his motion; in fact, this court had denied authorization in No. 16-5034. It follows that the district court had no jurisdiction to consider the motion. *See Cline*, 531 F.3d at 1251.

A COA is denied and the matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

3