## CHARLES STUARD v. STATE.

### No. A-497.    Opinion Filed June 20, 1911.

#### (116 Pac. 204.)

1. **JURY—Petit Jurors—Term of Service.** (a) The term of service of petit jurors in this state is fixed by statute at two weeks, and no juror is eligible for service longer, unless the court enters an order in the journal that it is of the opinion that the jury business can be concluded within six days, except in cases where jurors are engaged in the trial of a case.

    (b) It is necessary for a juror under the statute to actually serve two weeks before he becomes ineligible for further service at the term of court at which he is selected.

2. **SAME—Motion to Quash.** (a) A motion to quash the jury panel is properly overruled when any portion of the panel does not come within the objection made in the motion.

    (b) When a portion of the jurors are disqualified by reason of having served the statutory period, and not having been held over by proper order of the court for six days, and others in the panel are not affected by the disqualification alleged, this question should be raised by a challenge for cause when the jurors are called to the box. When this is not done, objection is waived.

(Syllabus by the Court.)

On petition for rehearing.  Rehearing denied.
For former opinion see 5 Okla. Cr. 686, 114 Pac. 1133.

*Bridges & Vertrees* and *Gilbert & Bond,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  Two questions are raised by the petition for rehearing, one of which has been determined by this court in other cases, and is not urged in the brief or oral argument of the counsel. The only question which is briefed and argued is the proposition contended for in the original brief: That the court erroneously overruled a motion of the accused to quash the jury panel on the ground that the jurors constituting the panel had served the two weeks provided by the statutes, and had not been held over by proper order of the trial court as provided by law. Twelve of the jurors who were impaneled on the

first day of the term, to wit, on the 4th day of October, were present and constituted a portion of the panel on the date this case was called for trial, to wit, the 26th day of October. In addition the panel consisted of five others, who had been drawn at the end of the first week's session. It is admitted by counsel in the oral argument that a portion of the jurors were not disqualified under the contention they make. Section 3986, Snyder's Statutes, is in part as follows:

"No juror shall be allowed to serve more than two weeks at one term, unless at the end of such period, he is upon a panel engaged in the consideration of a case in which event he may be excused when such case is terminated; Provided, that if the judge of the court is of the opinion that the jury business of a term of court may be concluded within six days, he may require a jury or a juror to remain until the termination of said jury service, by entering an order to that effect upon the court journal."

The term of service of the jurors is by this statute fixed at two weeks, and, if at the end of that time the court is to continue in session longer, a new jury must be summoned, unless the court is of the opinion that the jury business may be concluded within six days, and enters an order upon the journal of the court requiring the jurors present to remain until the termination of the business. The words, "No juror shall be allowed to serve more than two weeks at one term," are qualifications, and mandatory. This section also provides that a jury engaged in the consideration of a case shall serve to the conclusion of the case upon which he is sitting. We are of the opinion that jurors who have served two weeks consecutively under the provision of this statute are disqualified to serve further at that term of court, except upon an order of the court holding them over six days longer, when he is of the opinion that the jury business can be completed within that time, and except in cases where the jury, or juror, is engaged in considering a case on trial. In the case at bar, the court failed to make such an order at the expiration of the two weeks.

Arkansas has a similar statute. In that state the law provides that the term of the service of any person summoned to

serve on a petit jury of the circuit court shall be limited to four weeks, and no person serving for such time shall be eligible for further service during that term or the next succeeding term. The court construed this statute, in the case of *Humphrey v. State,* 74 Ark. 554, 86 S. W. 431, and said: "Under this statute, four weeks actual service was necessary to render a person ineligible for further service during the term for which he was impaneled." We think this is the correct rule. It would be necessary for a juror under our statute to actually serve two weeks before he would be ineligible for further service at the term of court at which he is selected. See, also, *Cribb v. State,* 118 Ga. 316, 45 S. E. 396. The accused made no objection to the jury, other than by a motion to quash the panel. As already stated, a portion of the panel had not served the two weeks provided by the statute, and were therefore not disqualified as jurors. The motion to quash was properly overruled.

A motion to quash the panel cannot be sustained when any number of the jurors composing the panel are not involved in the disqualification as set out in the motion. If all the jurors on this panel had been disqualified, the motion to quash would have been well founded, and should have been sustained. All not having been disqualified, the only way to raise the question was by challenge for cause when the jurors were called to the box to try the case. The plaintiff in error interposed no objection by challenge to any of the jurors mentioned, on the ground that they were disqualified when they were called to the box. Not having done so, he waived any objection to them on such ground.

The motion for rehearing is denied, and the trial court directed to enforce the judgment and sentence.

FURMAN, P. J., and DOYLE, J., concur.