Melba Vanessa BICKERSTAFF, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14386.

Court of Criminal Appeals of Oklahoma.

Oct. 16, 1968.

Oyler & Wise, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

Melba Vanessa Bickerstaff, hereinafter referred to as defendant, was charged, tried, and convicted of the crime of Carrying into Prison Things to Aid Escape, in the District Court of Oklahoma County, was sentenced to serve five years in the State Penitentiary, and from said judgment and sentence, a timely appeal has been filed.

From the record and briefs it appears that the criminal jury docket for January, 1967, of Oklahoma County, began on Monday, January 9, 1967, with cases regularly set through Wednesday, January 18, 1967. Defendant's case was set for trial on the first day of the docket being Monday, January 9, 1967, with counsel for both sides announcing ready for trial. Defendant's case did not go to trial due to unavailability of courtrooms and was continued to Tuesday, January 10th by the court. Said case likewise did not go to trial and was continued on a day-to-day basis to Wednesday, January 11th, then Monday, January 16th, Tuesday, January 17th, and Wednesday, January 18th, which was the last day of the published docket. On the 17th day of January, 1967, however, the trial court entered the following Order:

"Now on this 17th day of January, 1967, it appearing to the Court that the present Jury Panel now serving in the trial of cases for the January, 1967 Session of the above entitled Court, will complete two weeks of jury service prior to the end of jury business, and the Court is of the opinion that the jury business of this jury session which commenced on the 9th day of January, may be concluded with-

in 6 days after the termination of the two weeks' jury service of said jurors: /

It is therefore, by the Presiding Judge, (the other Judges concurring) ORDERED that pursuant to the provisions of Title 38, Sec. 21, O.S.1961, the present panel of jurors is directed to appear for jury service in this Court during the next week, commencing, Monday, the 23rd day of January, 1967, and continuing until said Court discharges the jury panel.

/s/ Harold C. Theus
Presiding Judge."

Thereafter the defendant filed a Motion to Quash the Jury Panel alleging in substance that because 40 members of said panel had been excused from the third week's jury duty, she had been prejudiced thereby and was unable to get a fair and impartial trial from the remaining members of the jury panel who were "volunteers."

Thereafter, the court made the following ruling (28 CM):

"THE COURT: The motion to call the names of all of the jurors summoned and the motion to quash are considered untimely presented. This Jury has been here for 2 weeks and has been trying criminal cases for 2 weeks and all of the cases presented here this morning and the other motions have heretofore been called for trial one or more times, having been regularly set before Judge Boston Smith.

All Jurors who are here are those that have participated in the last 2 weeks on the regular Jury Panel and they are here pursuant to the order of the Court with the exception of those who have by the Court been excused.

The mechanics of being excused in some instances has been accomplished by the use and assistance of the Court's Bailiff, but strictly under order of the Court."

The court made the following ruling concerning defendant's motion to quash the jury panel at pages 25–26 of the Casemade:

"Let the record show that the manner in which the Jury Panel was returned for service this week is stated substantially the correct manner in the motion to quash presented by Mr. Oyler and Mr. Pitman. Therefore, nothing being left in controversy, the motion to quash will be overruled and exceptions allowed."

During the voir dire examination of the prospective jurors a number of the jurors were questioned by both counsel for the State and for the defense and after a number of the jurors had been passed by both sides for cause, the defendant again renewed her objection to the panel for the reason that they were volunteer jurors.

The sole basis for this contention was predicated not on any answer elicited from the jurors on voir dire examination that they could not give the defendant a fair and impartial trial, nor was it based on any answer of the jurors from which it might be implied that they were biased or prejudiced against the defendant, but was based solely on the ground that the trial court had excused some 40 prospective jurors from serving the six additional days.

On appeal it is urged that the trial court erred in refusing to sustain the defendant's Motion to Quash the Panel for the reason that 40 of the prospective jurors had been excused by the court from the additional six days jury duty and compounded this error when the court overruled defendant's challenge to certain of the jurors on voir dire examination for the same reason. The defendant has failed to demonstrate how she was prejudiced in any way by the selection of the jurors, nor has she cited authority to support the proposition that the trial court erred in excusing the prospective jurors. We are of the opinion that this assignment of error is without merit, for it is settled by numerous decisions of this court that a defendant has no vested right to have any particular juror out of a panel. His right is that of objection rather than that of selection, and if the trial court is of the opinion that any juror is not fair and impartial or is

for any reason disqualified, he may excuse him either upon challenge of one of the parties, or upon his own motion, without challenge. Whether or not a juror should be excused rests in the sound discretion of the court. Unless such discretion is abused, there is no error.

 It is next contended under defendant's first assignment of error that the trial court's order holding the jury over for an additional six days was not in compliance with 38 O.S. § 21, the pertinent part of which is as follows:

"* * * No petit jurors shall be allowed to serve more than two weeks at one term, unless at the end of such period, he is upon a panel engaged in the consideration of a case, in which event he may be excused when such case is terminated; provided, that if the judge is of the opinion that the jury business of a term of court may be concluded within six (6) days, he may require a petit jury, or a petit juror, to remain until the termination of said jury service, by entering an order to that effect upon the court's journal, and this provision shall apply to the District, Superior, Common Pleas and County Courts."

The construction and application of this statute has been well settled since the 1911 decision rendered by this Court in the case of Stuard v. State, 6 Okl.Cr. 94, 116 P. 204, wherein the Court stated:

"The term of service of the jurors is by this statute fixed at two weeks, and, if at the end of that time the court is to continue in session longer, a new jury must be summoned, unless the court is of the opinion that the jury business may be concluded within six days, and enters an order upon the journal of the court requiring the jurors present to remain until the termination of the business. The words, 'No juror shall be allowed

to serve more than two weeks at one term,' are qualifications, and mandatory. This section also provides that a jury engaged in the consideration of a case shall serve to the conclusion of the case upon which he is sitting. We are of the opinion that jurors who have served two weeks consecutively under the provision of this statute are disqualified to serve further at that term of court, except upon an order of the court holding them over six days longer, when he is of the opinion that the jury business can be completed within that time, and except in cases where the jury, or juror, is engaged in considering a case on trial."

In the instant case the trial court entered an Order extending the time for jury service and significantly in Stuard v. State, supra, no order extending the time was entered, nevertheless, the court sustained the conviction and held that the proper way to raise the disqualification of the jurors was on voir dire examination and not in a Motion to Quash the Jury Panel. Although defendant in the instant case examined the jurors on voir dire, none of them were challenged for the reason of their prior two weeks service, nor was it established on voir dire examination that any of them had served continuously in the two preceding weeks.[1]

We are of the opinion that the defendant's first and second propositions under her first assignment of error, are without merit.

 It is next contended that the testimony of the accomplice was not corroborated and the court erred in not sustaining defendant's demurrer to the evidence. We are of the opinion that this assignment of error is without merit, for from an examination of the record we find that one of the prosecution witnesses, Eugene Ray Schiebert, a cellmate of the defendant's

[1] Page 80 of the Casemade—"MR. OYLER: Comes now the defendant, Vanessa Bickerstaff, and challenges each and every and all of the jurors herein sitting for the reason that they are volunteer jurors, and that the defendant cannot get a fair and impartial trial before a jury of her peers in that these jurors are volunteer jurors."

brother-in-law, who testified that the defendant brought hacksaw blades to the jail cell in which the witness was incarcerated with defendant's brother-in-law, was erroneously ruled by the trial court to be an accomplice for the crime for which the defendant stands convicted, was complete when she carried into the jail blades to aid an escape. It should be noted that there were no conversations between the defendant and the witness Schiebert, relative to a plan to bring the hacksaw blades into the jail. This situation is almost identical with that of Peeler v. State, 3 Tex. App. 533, wherein the Texas Court held in Syllabus 3:

> "3. Accomplice Testimony.—On the trial of appellant for conveying into a jail certain tools to aid the escape of a prisoner, the state introduced as a witness another prisoner who also escaped. HELD, that the witness, even if he used the tools in effecting the escape of himself and co-prisoners, was not an accomplice or *particeps criminis* in the offense of conveying the tools into the jail; and, therefore, his testimony, though uncorroborated was not subject to the statutory disparagement of accomplice testimony."

This case has been cited with authority and never overruled in the State of Texas and it construes the statutory provisions very similar to our own.

The testimony of witness Schiebert alone would suffice to support a conviction; however, the testimony of this witness is supported by the testimony of witness Rowe, who testified that defendant had bought blades with which to cut hard steel from him near the time which the crime alleged was committed. For the reasons above stated, we find this assignment of error without merit.

It is lastly contended that the Assistant District Attorney committed reversible and prejudicial error during cross-examination of defense witnesses and compounded this error during the closing arguments of the Assistant Prosecutor and that the trial court erred in refusing to grant a mistrial. A careful examination of the record on cross-examination of defense witnesses reflects that many of the questions propounded were not objected to at the time the question was asked and the answer received, and were matters to which counsel for defense alluded in his redirect examination and during closing argument. The same observation can be made with reference to portions of the closing argument of counsel for both the State and defense; however, we are of the opinion that in the light of the entire record, whether objected to or not, and when considered in connection with some of the closing argument of the Assistant Prosecutor which was objected to, the conduct of the Assistant District Attorney in both his examination of defense witnesses and in his argument to the jury was calculated to prejudice the jury against the defendant and to cause them to impose a greater sentence than ordinarily would have been imposed. For this reason, the judgment and sentence appealed from must be modified in the interest of justice.

We are of the opinion, and therefore hold, in the light of the entire record, that the judgment and sentence fixing the punishment of defendant at five (5) years imprisonment should be modified to a term of two (2) years imprisonment in the State Penitentiary, and as so modified, the judgment and sentence is

Affirmed.

NIX, P. J. and BRETT, J., concur.