Clarence Herbert BRYANT, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15239.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1970.

Rehearing Denied Jan. 13, 1971.

908

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., William M. Bonnell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Clarence Herbert Bryant, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Rape in the First Degree, his punishment was fixed at fifteen years imprisonment in the state penitentiary; and a timely appeal has been perfected to this Court.

Briefly stated, the evidence adduced at the trial revealed that on or about January 27, 1968, the defendant had sexual intercourse with his daughter, age 13, at their residence in Oklahoma City, Oklahoma. The daughter testified that the defendant took her to his room, she disrobed, and an act of sexual intercourse was performed. She stated that he had performed similar acts prior to this occasion. She also admitted that she had submitted herself to acts of intercourse with two other persons.

The mother testified that the girl had run away from home in May of 1968, leaving a note stating that the defendant had been bothering her. The mother was later informed by the child that the defendant had performed acts of sexual intercourse with her.

Dr. Wolohon examined the victim on May 6, 1968, and ascertained that she had had repeated intercourse. He conceded that he could not definitely state what ruptured her hymen.

·Officer Armer testified that he questioned the defendant the day following his arrest, in the jail; that upon advising him of certain rights, the defendant made an oral statement to the effect that he had sexual intercourse with the daughter on the day in question.

The defendant testified that he had broken his neck and was placed in a body cast prior to January, 1968. This cast was not removed until after the alleged date. He described himself as an alcoholic and had little memory of what transpired during the months of December, 1967 through February, 1968. He had no memory of any sexual desires toward the girl and did not believe that he had ever had sexual relations with the prosecutrix.

Gladys Brown, the defendant's sister, testified as to the defendant's problems with alcohol and his lapses of memory during such periods.

The defendant's first contention of error is that the trial judge erred in not sustaining his Demurrer to the evidence in that "the State did not present a prima facie case being the uncorroborated testimony of the prosecutrix which was inherently improbable and unworthy of belief * * *."

A careful review of the record does reveal some inconsistencies in the testimony of the prosecutrix. These inconsistencies apply, however, to related events and not to the act of sexual intercourse. This Court has consistently held that a conviction for rape may be had on the uncorroborated testimony of the prosecutrix, or on slight corroboration, where the testimony of the prosecutrix is not inherently improbable or unworthy of credence. Haga v. State, Okl.Cr., 422 P.2d 221; Gaines v. State, Okl.Cr., 267 P.2d 612, and the many cases cited therein.

However, this rule has been limited to the effect that we will carefully examine the record in cases of this character, to see that the evidence of the prosecutrix is clear and convincing, and is not inconsistent, incredible, or contradictory. It is the exclusive province of the jury to weigh

the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict, though there is a sharp conflict in the evidence. Therefore, completely disregarding the purported confession of the defendant which does corroborate the prosecutrix' testimony, we will not interfere with the verdict of the jury.

■ It is next contended under defendant's second assignment of error, that the trial court's order holding the jury over for an additional six days was not in compliance with 38 O.S. § 21, the pertinent part of which is as follows:

"* * * No petit jurors shall be allowed to serve more than two weeks at one term, unless at the end of such period, he is upon a panel engaged in the consideration of a case, in which event he may be excused when such case is terminated; provided, that if the judge is of the opinion that the jury business of a term of court may be concluded within six (6) days, he may require a petit jury, or a petit juror, to remain until the termination of said jury service by entering an order to that effect upon the court's journal, and this provision shall apply to the District, Superior, Common Pleas and County Courts."

The statute was first construed in 1911 in the case of Stuard v. State, 6 Okl.Cr. 94; 116 P. 204, and again some fifty-seven years later in Bickerstaff v. State, Okl.Cr., 446 P.2d 73. Defendant's attorney carefully and properly preserved the record in

voir dire in this case, by challenging each juror for cause and establishing that all of them had served continuously in the two preceding weeks. We find, however, that the presiding judge had, in fact, entered an Order extending the jury service an additional six days.[1] We are of the opinion that the defendant's second contention of error must be denied.

The defendant next contends that the admission of the alleged confession of the defendant was error and in violation of the State and Federally protected rights of the defendant against self-incrimination. The purported confession was obtained by two police officers at the city jail the day following his arrest.

■■ The trial judge properly considered the issue of the warnings given to the defendant prior to the confession and the voluntariness of said confession, out of the presence of the jury. The pertinent part of Officer Armer's testimony is as follows: (CM 171–172).

"Q. All right, you mentioned a moment ago that you advised him of his constitutional rights. What was it you advised him?

A. I advised the Defendant that he had a right to remain silent about the circumstances about which I was interviewing him on. That he had a right to counsel and if he could not afford counsel, the State would appoint an attorney to represent him, and he also had the right to know that any statement he might

1. Page 224 of the Casemade. "JUDGE PARR: For your general objection to the jury panel, in view of the fact that Carmon C. Harris, Presiding Judge of the District Court, issued an order on September 18, 1969, stating that all of the cases, criminal cases could not be disposed of in the two week period and that, 'the jury panel heretofore called for jury service on the 9th day of September for a period of two weeks be, and hereby are, required to remain upon jury service for the additional six days from the 23rd day of September, it appearing that the remainder of the jury business of

the September docket, as heretofore set out, may be concluded within said six days,' and because this is the first day of that third week, I'll overrule the motion to quash the jury panel and the objections, all the objections, based on the motion to quash the jury panel because I think the panel is properly, duly and legally and statutorily brought back for the third week. Go ahead."

Page 238 of the Casemade: "JUDGE PARR: The motion to quash the jury panel is overruled because of the Order issued by the Presiding Judge of which I had a certified copy filed in this case."

give at this time could be used against him later in court.

Q. What is your opinion as to whether he understood the warning?

A. The defendant told me he understood his constitutional rights, yes sir."

We therefore find that the defendant was properly advised of his constitutional rights and that he understood the same; that the trial court properly admitted the confession for the jury to consider the issues of voluntariness and truthfulness.

■ The next contention of error raised by the defendant concerns the conduct of the Court in abdicating his position as an impartial arbitrator and becoming an advocate for the state, taking over the questioning of the State's witness. This Court dealt with a similar proposition in the recent case of Lambert v. State, Okl.Cr., 471 P.2d 935, wherein we stated in the first paragraph of the Syllabus:

"A trial judge has the right, in the exercise of his discretion, to ask of any witness such questions as will tend to elicit the truth, and so long as the judge does not, by his questions or conduct, indicate his views as to the matters at issue, a defendant will not be heard to complain of any question asked by him which is reasonably calculated to elicit the truth."

An examination of the record reveals that the only questions the trial court asked a witness were outside the presence of the jury. The court was merely conducting a hearing, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and not only had the right, but the duty, to elicit the truth to make a proper ruling. Thus, we feel that this proposition is wholly without merit.

The defendant's final proposition concerns the prosecutrix subsequent retraction, by deposition, of her testimony given at the trial. We have carefully reviewed the deposition of the daughter and find that it was taken more than a year from the date of the trial. There is no showing that the District Attorney's office was notified of the taking of the deposition and as a result, no cross-examination.

■ We note that the defendant does not cite any authority that would allow this Court to consider this deposition. This Court has repeatedly held that it is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support the mere assertion that the trial court has erred. See Sandefur v. State, Okl.Cr., 461 P.2d 954 and Collins v. State, Okl.Cr., 407 P.2d 609.

■ Although the defendant does not contend the trial court has erred, we feel the same principle of law should apply. We, thus, must deny the defendant's request that the case should be reversed on this point.

■ The defendant has filed in this Court, in addition to his Petition in Error, a Petition for Writ of Error Coram Nobis, attaching thereto the before mentioned deposition of the prosecutrix. This Court is deeply concerned with the discrepancies as to her testimony; however, we must hold that the proper administration of justice requires that the writ be denied. We feel that the appropriate remedy would be that the defendant file an application for post conviction relief with the trial court under the provisions of 22 O.S.Supp.1970 §§ 1080–1088. This type action is subject to appeal wherein this Court may properly rule on said matters.

■ In conclusion, we observe that the evidence supports the verdict of the jury, the record is free of any error which would justify modification or reversal, the punishment imposed was well within the range provided by law, and for these reasons, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.