**Jessee Allen HILL, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16363.**

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Jessee Allen Hill, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Robbery with Firearms; his punishment was set at forty-five (45) years imprisonment and he appeals.

Briefly stated, the evidence at the trial revealed that on April 9, 1970, the Western Union Telegraph Company in Oklahoma City was the victim of an armed robbery. Leota Burns and Louise Blythe, employees, testified that at approximately 7:00 a. m. the defendant and a person identified as LeRoy Ward, entered the office armed with sawed-off shotguns and demanded money. Mrs. Burns gave the defendant money and travelers checks in the amount of $1,053.00 while Ward herded the other employees toward the back of the office. The employees were locked in a rear compartment and were subsequently released by another employee.

Donna Colson, another employee, also identified the defendant as one of the robbers.

Officer Shobert received a description of the men and an automobile. He observed a vehicle and men answering the description and gave pursuit. A high speed chase followed, during which one of the occupants of the car pointed a gun at the officer. The car eventually stalled and the two occupants fled on foot in opposite directions. The officer arrested Ward and retrieved a sawed-off shotgun discarded during the chase. Another sawed-off shotgun and travelers checks were found in the stalled car.

Officer Purser participated in the chase and arrested the defendant. A large amount of wadded money was taken from the defendant's pocket.

Randell Sennett testified that the defendant came into his home that morning and demanded his car keys by gunpoint. He could not get the car started and was arrested a short time later.

The defendant did not testify, nor was any evidence offered in his behalf.

The first proposition of error alleges that the evidence does not support the verdict of the jury. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The defendant's final proposition contends that the punishment was excessive. We need only observe that the punishment was within the range provided by law and from the foregoing recital of facts does not shock the conscience of this Court.

In conclusion, we observe that the record is free of any error which would justify modification or reversal. We are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.