Garold Marshall MURRAY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16185.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1971.

Arnold Britton, Asst. Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Garold Marshall Murray, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the offense of Second Degree Burglary; his punishment was fixed at four years imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on April 26, 1970, Ralph Stallings, a realtor, had charge of the former Toddle House Restaurant as agent for the owners. He was called to the location that night and later discovered some copper tubing was missing. He did not give the defendant permission to enter the building.

Officers Cochran and Leonard testified that they went by the Toddle House building at approximately 8:00 p. m. and observed some copper wire in a box in the back of the building and found the back door open. They found no one inside, and closed the door. They returned to the scene at about 9:00 p. m. and observed the defendant emerging from the back door with copper wire in his hands. He had on his person a glove and wire cutters. He was placed under arrest, advised of his rights against self-incrimination, and admitted to Officer Leonard that he had entered the building to steal copper.

The defendant did not testify nor was any evidence presented in his behalf.

The defendant's first proposition alleges that the evidence is not sufficient to support the verdict of the jury. This Court has repeatedly held it is the exclusive province of the jury to weigh the evidence and determine the facts and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The defendant's final proposition contends that the punishment was excessive. We need only observe that the punishment was well within the range provided by law and from the foregoing recital of facts, does not shock the conscience of this Court.

We are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.