John H. DUVALL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16706.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1971.

Don Anderson, Public Defender, Russell B. Fister, Asst. Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

John H. Duvall, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor; his punishment was fixed at one year in the county jail, and a fine of $250.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Trooper Lapuzza observed a car driven by the defendant coming toward his patrol car left of center on August 22, 1970. He pulled to the right to avoid a collision, made a turnabout, and stopped the defendant's vehicle. The defendant was semi-incoherent, and had to be assisted in walking. He arrested the defendant

after observing that he was very intoxicated. Two whiskey bottles were found in the car, one empty, and the other partially filled. Defendant consented to a breathalyzer, which test was administered with a result of .27 of one per cent.

The defendant did not testify, nor was any evidence offered in his behalf.

The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and when the evidence is based upon probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The final proposition contends that the punishment is excessive. We are of the opinion that there is some justification to his proposition in view of the absence of evidence of aggravation. We note that the defendant has been in custody on this charge since August, 1970. In the interest of justice, the judgment and sentence is hereby modified to time served, and as so modified, is affirmed.

BRETT and NIX, JJ., concur.