James Howard **GORDON**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–17154.

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Rehearing Denied Feb. 28, 1972.

Don Anderson, Public Defender, Oklahoma, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

James Howard Gordon, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County, Oklahoma for the offense of Attempted Burglary in the Second Degree; his punishment was fixed at one and one-half (1½) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, James Ellis testified that on December 12, 1970, he worked at the Champlain Truck Stop at 501 Reno Street, Oklahoma City. He observed a man in the back office of the station, trying to open the cash register with a screw driver. Ellis walked to the back of the room and asked the person what he was doing; the

subject stated that he had a knife, and that Ellis had better get out of his way, or he would kill him. Ellis retreated to another room, and attempted to hold the door to keep the subject from exiting. Ellis called for help, and was joined by another employee, Richard Shepard. After subduing the subject, Shepard left to get further help. The defendant then came in the front door, and the man Ellis was holding told the defendant to "get a gun out of the glove compartment, and kill him." The defendant picked up a metal step ladder, and swung at Ellis. The defendant then fled.

Chester Ellis testified that he operated the service station, and observed pry marks on the cash register.

Officer Smith testified that he arrived at the station about 5:00 o'clock p.m., and took a person, not this defendant, into custody.

The defendant did not testify, nor was any evidence offered in his behalf.

 The first proposition asserts that the verdict is not supported by the evidence. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where the verdict is based on probable testimony, the reviewing Court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

 The final proposition contends that the punishment is excessive. Suffice it to say that the punishment of one and one-half years imprisonment does not shock the conscience of this Court. The judgment and sentence is, accordingly, affirmed.

BRETT and SIMMS, JJ., concur.