Ellington Hershel WOODY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-17168.

Court of Criminal Appeals of Oklahoma.

Jan. 26, 1972.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Ellington Hershel Woody, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County, Oklahoma with the offense of Assault and Battery with a Deadly Weapon with Intent to Kill. He was found guilty of the included lesser offense of Assault with a Dangerous Weapon; he was sentenced to a term of five (5) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Ruby Combs testified that on April 4, 1970, she went to the Tip-Toe Inn in Oklahoma City to get some money for her little boy's Easter clothes from the operator, Thomas Webb. The defendant, whom she had been living with, came into the club, and began arguing with her. The defendant started to leave, then turned around and pulled a knife out of his pocket, and struck at her. They wrestled she fell to the floor, and the defendant grabbed her legs and started dragging her toward the door. Thomas Webb came out of the kitchen and attempted to break up the scuffle. She got up off the floor, went into the bathroom, and when she came out, discovered that Webb had been stabbed.

Thomas Webb testified that on the day in question, Ruby Combs and a couple of her friends came by, and they had a conversation about her picking up some money for their child. Webb was in the kitchen cooking a steak when he heard a scuffle in the club; he came out of the kitchen and observed the defendant attempting to pull Ruby Combs through the doorway. He

**1116** ■■■■■■■■■■■■■■■■■■■■

told the defendant that he did not want any trouble in his club, and that if the defendant did not want Ruby Combs in the club that he would put her out. He started walking towards the bathroom, and the defendant stabbed him in the chest. He was taken to the hospital, and a two-and-one-half-inch blade was removed from his chest.

Milton Grayson testified that on the day in question, he started through the door into the Tip-Toe Inn, and observed the defendant and Thomas Webb talking. Thomas told the defendant that he did not want any trouble, and "that he should have come to him, and that he would have put the girl out." (Tr. 25) As Thomas turned to go back into the club, the defendant stabbed him and ran.

L. G. Leonard testified that he was with Grayson outside the Tip-Toe Inn; his testimony did not differ substantially from that of the witness Grayson.

The defendant did not testify, nor was any evidence offered in his behalf.

■ The first proposition alleges that the evidence does not support the verdict of the jury. This Court has consistently held that it is the exclusive province of the jury to weigh the evidence and to determine the facts, and where the verdict is based on probable testimony, the reviewing Court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

■ The defendant's final proposition contends that the punishment was excessive. Suffice it to say from the foregoing statement of facts, we cannot conscientiously say that the sentence is so excessive as to shock the conscience of this Court. Johnson v. State, Okl.Cr., 386 P.2d 336.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.