**Larry Dean HEATH, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17243.**

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1972.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Larry Dean Heath, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Robbery with Firearms, After Former Conviction of a Felony; his punishment was fixed at ninety-nine (99) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Jerry Dean Sellers testified that on October 29, 1970, he was employed at Curt's Service Station at 625 East Reno, in Oklahoma City. At approximately 9:35 p. m., two young colored boys ran up to the station door, whom he "didn't pay to much attention to." He next observed a third person, whom he identified in court as the defendant, come through the station door with a shotgun in his hands. Defendant stated, "Give me your money," and he answered, "I don't have any," whereupon the defendant shot him in the right leg. He fell toward the desk and all three persons left. He heard one of them say, "He don't have anything." (Tr. 6) They turned around and tried to get back into the door which Sellers attempted to block. The defendant knocked the plate glass window out and struck Sellers on the head with the shotgun. The defendant stuck the barrel of the shotgun in Seller's mouth, tearing his lip. The service station money was removed from Seller's pocket and they left. Sellers was subsequently taken to the hospital where he remained approximately one month. Cross-examination established that while in the hospital, Sellers was shown some photographs by police officers, from which he picked out the defendant as the robber.

Detective Weed testified that he went to Mercy Hospital and showed about fifty pictures to Sellers, who picked out the defendant as the man who robbed him.

Officer Crabtree testified about seeing Sellers in the station driveway the evening in question and seeing blood on the driveway and inside the station. He further testified that he called an ambulance.

Officer Bevel testified that he took certain photographs of the scene and identified State's Exhibits One through Four.

The defendant did not testify nor was there any evidence offered in his behalf.

■ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

■ The final proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that we do not have the power to modify sentence unless we can conscientiously say that under all facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Johnson v. State, Okl.Cr., 386 P.2d 336. We observe that this is the defendant's fourth felony conviction. Two of the prior convictions were for similar offenses of robbery with a dangerous weapon. Under said circumstances, we are of the opinion that the sentence imposed does not shock the conscience of this Court. The Judgment and Sentence is hereby affirmed.

BRETT and SIMMS, JJ., concur.