**Paul David CHRISTY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16162.**

Court of Criminal Appeals of Oklahoma.

April 12, 1972.

Carroll Samara, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Paul Crowe, Legal Intern, for defendant in error.

## OPINION

SIMMS, Judge:

Paul David Christy, hereinafter referred to as defendant, was charged, tried by a jury, and convicted in the District Court of Oklahoma County, State of Oklahoma, for the offense of Assault and Battery with a Dangerous Weapon; his punishment was fixed at a term of Four (4) Months in the County Jail, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Testimony on the trial was to the effect that on December 29, 1969, at approximately 7:00 P. M., the defendant was engaged in conversation with two salesgirls, one a former girlfriend, at an Oklahoma City five-and-dime store.

About thirty minutes later, the prosecuting witness, who was engaged to the same girl the defendant had previously dated, arrived in his automobile and observed the defendant through the store window.

The girl then attempted to head off a confrontation between the pair by going out to the complaining witness's car. There her fiance instructed her to return to the store and tell the defendant to leave. The defendant did not leave, and the prosecuting witness entered the store, and in so doing, struck the defendant with the door, knocking him into a check stand, and off his balance. The complaining witness struck several blows, the defendant dodging, and then closed with the defendant taking him in a headlock, at which point the defendant drew a pocket knife, and stabbed the prosecuting witness in the side, puncturing a lung.

Testimony was that the struggle stopped at that point, and the defendant was released, but the defendant then offered to continue the battle. There was also evidence that some two years earlier, the de-

fendant had suffered a broken neck. Further, the defendant did not flee, but awaited the police, and that prior to the prosecuting witness's entry into the store, the defendant made the statement: "Well, if he comes in, he might get stuck."

The defendant cites as error the trial court's failure to sustain the defendant's demurrer to the State's evidence at the close of the State's case in chief, failure to sustain the defendant's motion for a directed verdict of acquittal at the close of all of the evidence, that said verdict in judgment is contrary to the law and the evidence, and that the evidence is insufficient to support the verdict.

This Court has very carefully examined the record in this case, which includes transcripts of both the preliminary hearing and the trial, as well as the instructions given on the trial, and while we find that there are certain minor conflicts in the testimony as to some of the witnesses, we find that there is substantial evidence, if believed by the jury, to justify their verdict as to the guilt of the defendant.

Having then held the evidence sufficient for a fact determination by the jury, this Court then looked at the instructions given, and found that they correctly and adequately stated the law with regard to the offense charged, and those facts and that law which pertain to the defense of self-defense.

Defendant cites Townley v. State, Okl.Cr., 355 P.2d 420 (1960) for that case's language with regard to self-defense. However, a full reading of *Townley*, supra, mitigates against, rather than for, the defendant. In the discussion of the first assignment of error, *Townley*, supra, holds where the evidence is conflicting, the weight of the evidence and the credibility of the witness is for the jury, and the Court of Criminal Appeals will not substitute its judgment for that of the jury where there is evidence reasonably tending to support the conclusion arrived at by the jury. The testimony in this case afforded ample cause to justify the court in overruling the demurrer and submitting this case to the jury. See also,

Bryant v. State, Okl.Cr., 478 P.2d 907 (1970). And, Harris v. State, Okl.Cr., 448 P.2d 296 (1968).

The finders of the fact in this case, the jury, obviously weighed all of the facts and were unable to find under the instructions given to them that the defendant did, in fact, act in self-defense, but whatever merit they felt that the defendant's testimony had was obviously reflected in the leniency of the recommended punishment.

In conclusion, we observe that the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BUSSEY, P. J., concurs.

BRETT, Judge (dissents):

I believe defendant's demurrer to the evidence should have been sustained; therefore, I would reverse this conviction.