Lawrence William **DEAN**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–17414.

Court of Criminal Appeals of Oklahoma.

May 24, 1972.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Appellant, Lawrence William Dean, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment was fixed at twenty-five (25) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Mabel Mukes testified that on August 3, 1971, she lived at 1213 North Lottie in Oklahoma City. As she and her daughter drove in the driveway about 7:30 p. m., she observed the screen of one of her windows torn off and noticed the curtains moving by the window. She saw a man, whom she identified in court as the defendant, jump off the porch and start running south. She ran to a neighbor's house and asked him to call the police. Upon going back outside, she stopped a police car and gave them a description of the defendant's clothing, to-wit, a light shirt and red pants. She testified that when she went back inside her residence a television set had been moved from its customary place in the den and placed up against the inside of the front door.

Joan Mukes testified that upon arriving home with her mother on the evening in question, she saw the defendant come out of the window onto the front porch, jump off and run south. She testified that he was wearing maroon pants, a white shirt and a black hat.

Officer Harrison testified that he was patrolling in the 1200 block of North Lottie with his partner and they were stopped by Mrs. Mukes. After obtaining a description from Mrs. Mukes, they took pursuit and apprehended the defendant approximately two blocks away.

Officer Dawson's testimony did not differ substantially from that of the witness Harrison.

Defendant did not testify nor was any evidence offered in his behalf. The three previous convictions were stipulated.

The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that it is the exclusive province of the jury to weigh the evidence and determine the facts and, where the verdict is based upon probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The final proposition contends that the punishment is excessive. Considering the fact that this is defendant's fourth felony conviction, we cannot conscientiously say that the sentence imposed shocks the conscience of the Court.

In conclusion we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

SIMMS and BRETT, JJ., concur.