Paul BROADUS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17421.

Court of Criminal Appeals of Oklahoma.

May 31, 1972.

Don Anderson, Public Defender, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Appellant, Paul Broadus, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of First Degree Arson, After Former Conviction of a Felony; his punishment was fixed at twelve years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Joyce Anderson testified that on July 17, 1971, she lived in an apartment at 1201 Northeast Walnut in Oklahoma City, Oklahoma, with her six children. Approximately 7:00 a. m. she observed the defendant through her window talking to a person who lived in the apartment complex named Rodney. The defendant was demanding that Rodney return defendant's money and Rodney told him he did not have the money. The defendant said if he didn't get his money he was going to burn the building down. Defendant left and returned with a container wrapped in a newspaper. He stayed about five or ten minutes and again left. He returned and she encountered him in the hall. Defendant was standing near a fire on the stairway. He told her to get some water and left. She put out the fire which was limited to the carpet, smelling what she thought to be coal oil. The firemen arrived approximately fifteen to twenty minutes later.

Gerald Ivie testified that he was a fire prevention officer with the Oklahoma City Fire Department and was called to the apartment house that morning. He observed a wet area about one foot wide and a charred area of about five inches on the stairway and second floor landing. He smelled a petroleum based product which he identified as gasoline. After talking to Joyce Anderson, he directed the police to place the defendant under arrest.

Officer Johnson testified that he arrested the defendant. His description of the scene did not differ substantially from the witness Ivie. He smelled a very strong odor of gasoline.

Officer Shahan testified that he interrogated defendant in the police station about 2:00 p.m. After advising defendant of his rights against incrimination, the defendant stated that he had left a night club about 4:00 a.m. that morning and gone to the apartment at 1201 North Walnut to see a Mr. Shephard. He stated further that he and a female companion went out on the balcony of the apartment and he fell asleep. Upon awaking about 7:00 a.m. he noticed that fifteen dollars was missing from his pocket. He complained loudly and then left. He visited various relatives and returned about 11:00 a.m. when he was arrested. The officer testified that he smelled the odor of gasoline about defendant's clothing which defendant stated that he had changed a tire that morning.

Defendant did not testify nor was any evidence offered in his behalf. The previous conviction was stipulated to in the second stage.

The first proposition asserts that the verdict is not supported by the evidence. We have repeatedly held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The final proposition contends that the punishment is excessive. We need only to observe that the punishment is within the range provided by law and under the circumstances, does not shock the conscience of this Court.

The judgment and sentence is hereby affirmed.

SIMMS and BRETT, JJ., concur.